This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                              **NO. 33,118**

**ALEXIAS TORRES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Michael H. Keedy, Acting District Defender
Alamogordo, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     The State appeals the district court's order suppressing statements made by Defendant during a custodial police interview. In our notice of proposed summary disposition, we proposed to affirm. The State has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by the State's arguments, we affirm.

{2}     In our notice of proposed summary disposition, we proposed to hold that Defendant unequivocally invoked both her right to counsel and her right to remain silent. *See State v. Salazar*, 1997-NMSC-044, ¶ 60, 123 N.M. 778, 945 P.2d 996 (reciting that police interrogation "must cease" when an accused invokes either right). The unequivocal invocation of either right would be sufficient to support the district court's suppression order in this case. *Id.*

{3}     In its memorandum in opposition, the State continues to argue that Defendant's invocation of her rights to counsel and to remain silent were equivocal or ambiguous to such a degree that the custodial interview did not need to end. *See State v. Castillo-Sanchez*, 1999-NMCA-085, ¶ 16, 127 N.M. 540, 984 P.2d 787 (noting that a defendant's equivocal request for counsel does not require that officers halt questioning). That memorandum does not, however, provide any new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party

opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). The State has not met that burden. Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the district court's suppression order.

{4}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**M. MONICA ZAMORA, Judge**